UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

SCOTT SEWELL )
       Plaintiff )
)
vs. ) 1:05-CV-298
) Collier/Lee
)
MICHAEL J. ASTRUE, )
  Commissioner of Social Security )
       Defendant )

## REPORT AND RECOMMENDATION

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rules 54(d)(2)(D) and 72(b) of the Federal Rules of Civil Procedure for a report and recommendation regarding the disposition of the Plaintiff's motion for attorney fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b)(1) [Doc. 28] and the Commissioner's response thereto [Doc. 30].

Plaintiff seeks an award of attorney fees under § 406(b) in the amount of $8,888.00 representing 25 percent of Plaintiff's past due benefits [Doc. 28 at 1]. Attached to Plaintiff's memorandum in support of the motion is a copy of the 25% contingency contract between the Plaintiff and his attorney [Doc. 29-2] and a copy of the award notice [Doc. 29-3].

In his memorandum in support of his motion, Plaintiff states the following:

> Plaintiff brought this action pursuant to Section 205(g) of the Social Security Act, as amended, to obtain judicial review of a "final decision" of the Commissioner of Social Security granting him only a closed period disability insurance benefits under the Act, and finding that he cased to be disabled as pf [sic] September 27, 2004.
>
> Following extensive briefing . . . the court ordered Mr. Sewell's claim remanded to the agency pursuant to Sentence 4 of 42 U.S.C. § 405(g). On remand the ALJ reached a fully favorable decision . . . As a consequence of this decision, Mr. Sewell was awarded additional past-due benefits.

> The undersigned's contract with Mr. Sewell provides for a contingent fee of 25% of Mr. Sewell's past due benefits. Commissioner's Title II award notice, states:
>
>> We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $8,888.00 from your past due benefits in case we need to pay your lawyer.

[Doc. 29 at 1-2] (internal citations omitted).

The Commissioner filed a response stating he has no objection to Plaintiff's motion for attorney's fees [Doc. 30 at 1].

In assessing a reasonable attorney's fee under § 406(b), the Supreme Court in *Gisbrecht v. Barhnart*, 535 U.S. 789 (2002), rejected the Ninth Circuit's analysis that used the lodestar method, i.e. calculating the fee by taking the number of hours worked, multiplied by an hourly rate, then possibly adjusted for twelve factors, including the contingency fee. *Id*. at 798-99. The Court explained that the Lodestar method was appropriate for setting fees in actions involving fee-shifting litigation. *Id.* at 802. However, after discussing the history of the lodestar method, contingency fees, and the legislative history of 42 U.S.C. 406(b), the Court concluded that § 406(b):

> does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Id*. at 807 (internal footnotes omitted).

The *Gisbrecht* Court concluded that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees

2

yielded by those agreements." *Id*. at 808-09. Thus, a district court, in reviewing a fee has discretion to determine whether the fee is reasonable, considering the contingency nature of the agreement, the fact the client agreed to a contingency fee, and Congress's limit that the fee may not exceed 25%.

Other factors identified by the *Gisbrecht Court* that might result in the court finding a fee to be unreasonable; namely, substandard representation or results, delay caused by counsel, a fee that is a windfall for the attorney, *id.* at 808, do not exist in this matter and the Commissioner has not opposed the award of the requested fee. Therefore, I conclude the attorney's fee requested by Plaintiff is reasonable.

For the reasons stated herein, I **RECOMMEND**:[1]

> (1) The motion of the Plaintiff for attorney's fees pursuant to 42 U.S.C. § 406(b) [Doc. 28] be **GRANTED**.
>
> (2) The Plaintiff's attorney be awarded a fee in the sum of $8,888.00.

s/*Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, (1985). The District Court need not provide *de novo* review where objections to this Report and Recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).